**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Joshua Walker,<br><br>　　　　　　　　Defendant. | No. CR-14-50115-PHX-NVW<br><br>**FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON ADMISSION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE.

Upon Defendant's request to enter an admission to violating Allegation B (Standard Condition No. 9) of the Petition to Revoke Supervised Release, pursuant to Rule 57.6(d)(4) of the Local Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge Bridget S. Bade on September 9, 2016, with the written consents of Defendant, counsel for Defendant, and counsel for the United States of America.

In consideration of that hearing and the statements made by the Defendant, under oath on the record, and in the presence of counsel, and the remarks of the Assistant United States Attorney, and the remarks of counsel for Defendant,

**I FIND** as follows:

(1) that Defendant understands the nature of the supervised release violation alleged in Allegation B (Standard Condition No. 9) of the Petition to Revoke Supervised

Release and the nature of the violation that Defendant is admitting;

(2) that Defendant understands the right to deny the allegation and to persist in that denial and have a revocation hearing, and that Defendant further understands the right to the assistance of counsel at a revocation hearing, to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination;

(3) that Defendant understands that admitting a supervised release violation waives the right to a revocation hearing;

(4) that Defendant understands that answers may later be used against him in a prosecution for perjury or false statement;

(5) that Defendant understands the maximum disposition for the supervised release violation; Defendant also understands that the revocation disposition guidelines are advisory only and that the District Judge may depart from those guidelines under some circumstances;

(6) that Defendant knowingly, intelligently and voluntarily admitted to violating Allegation B (Standard Condition No. 9) of the Petition to Revoke Supervised Release and that Defendant's admission was not the result of force or threats or of promises between the parties;

(7) that Defendant is competent to admit to a supervised release violation;

(8) that there is a factual basis for Defendant's admission; and,

(9) that Defendant is satisfied with the representation provided by defense counsel.

**I RECOMMEND** that the Court accept the Defendant's admission of violating Allegation B (Standard Condition No. 9) of the Petition to Revoke Supervised Release.

**IT IS ORDERED** that any objection to the admission proceedings and any requests for supplementation of those proceedings must be made by the parties in writing and shall be specific as to the objections or requests made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned District Judge.

- 2 -

**IT IS FURTHER ORDERED** that any letters, documents, or other matters Defendant would like the District Court Judge to consider before disposition (including the English translation of any writings not in English) must be submitted by defense counsel to the U.S. Probation Office at least five (5) business days prior to the sentencing date or they may be deemed untimely by the District Court Judge and not considered. The U.S. Probation Office will provide copies to the District Court Judge and opposing counsel as an attachment to the final Presentence Report.  Defense counsel shall submit no more than ten (10) character letters, unless otherwise ordered by the Court.  Character letters shall not be mailed directly to the District Court Judge by any family members or other persons writing in support of the Defendant. Character letters or a notice of such letters shall not be filed electronically unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures and any disposition memoranda must be filed at least seven (7) business days prior to the disposition date.  Responses are due at least three (3) business days prior to the disposition date.  Any motion to continue disposition must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue disposition filed less than fourteen (14) days before disposition are disfavored.

Dated this 9th day of September, 2016.

_____
Bridget S. Bade
United States Magistrate Judge